```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**JUDY ANN GILLESPIE,**

      Plaintiff,

v.                                   Civil Action No. 2:22-cv-00322

**GRETCHEN C. ELSNER; PASCHALL TRUCK LINES, INC.; and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Partial Motion to Strike and Dismiss of defendants Gretchen C. Elsner and Paschall Truck Lines, Inc. ECF No. 7. The plaintiff timely filed a Response to Defendants' Partial Motion to Strike and Dismiss. ECF No. 9. The Defendants did not reply to the plaintiff's response, and the motion is ripe for consideration.

### I.   Factual and Procedural Background

This action arises out of automobile accident that occurred in Kanawha County, West Virginia. Compl. ¶¶ 17-19, ECF No. 1-1. On July 8, 2020, Judy Ann Gillespie, a resident of West Virginia, was driving a 2012 Subaru Legacy southbound in the right lane of Interstate 77, somewhere near mile-marker 78. Id. at ¶¶ 1, 8. Gretchen C. Elsner, a resident of the State of

Georgia, was driving a tractor trailer southbound in the left lane of Interstate 77, also somewhere near mile-marker 78. <u>Id.</u> at ¶¶ 2, 9. Paschall, a Kentucky corporation with a "principal office" in Kentucky and which conducts business in West Virginia, owned the tractor trailer Elsner was driving. <u>Id.</u> at ¶¶ 3, 10. Paschall employed Elsner as a driver in its interstate motor carrier business. <u>Id.</u> at ¶¶ 4, 13.

While the two drivers were in the vicinity of each other, Elsner moved from the left lane and collided with Gillespie's car. <u>Id.</u> at ¶ 17. Gillespie's vehicle "was propelled into the concrete barrier wall" separating the southbound lanes of the Interstate 77 from the northbound lanes. <u>Id.</u> at ¶ 18. After Gillespie's vehicle hit the concrete barrier, Elsner's truck struck Gillespie's car a second time. <u>Id.</u> at ¶ 19. As a result of the crash, Gillespie "suffered injuries to her body." <u>Id.</u> at ¶ 24.

The plaintiff filed an action in the Circuit Court of Kanawha County, West Virginia on June 16, 2022. ECF 1-1. On August 5, 2022, Elsner and Paschall removed the action to this court based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1332 and 1441. Notice of Removal ¶ 13, ECF No. 1.

On August 12, 2022, Elsner and Paschall answered the complaint, ECF No. 6, and filed a partial motion to strike and

dismiss, along with a Memorandum In Support Of Defendants' Partial Motion To Strike And Dismiss. ECF Nos. 7, 8.

## II. Legal Standard

A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may test the sufficiency of a pleading by moving to dismiss it for "failure to state a claim upon which relief can be granted." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2006). In order to defeat a 12(b)(6) motion, a complaint must contain "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570.

In considering a motion to dismiss under Rule 12(b)(6), the court, at this early stage, "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56). Further, all reasonable inferences are drawn in favor of the plaintiff. E. I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011) (citing Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250 (4th Cir. 2009)).

Federal Rule of Civil Procedure 8(a) sets forth the general rules of pleading in federal court. See Fed. R.

Civ. P. 8(a)(1)-(3). Most relevant here, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed. R. Civ. P. 8(a)(2), as well as "a demand for the relief sought, which may include relief in the alternative or different types of relief." Id. at (a)(3).

In analyzing the sufficiency of a pleading against a Rule 12(b)(6) motion for failure to state a claim, the claims contained in the pleading are the proper focus of the motion, not the remedies sought. See Mountain Link Assocs., Inc. v. Chesapeake Energy Corp., Case No. 2:13-cv-16860, 2014 WL 4851993, at *3 n.6 (S.D.W. Va. Sept. 29, 2014) (explaining that punitive damages are not a cause of action subject to dismissal under Rule 12(b)(6)); see also Facchetti v. Vest, Case No. 5:15-cv-00049, 2016 WL 3920487, at *2 (W.D. Va. July 18, 2016) (concluding that "Rule 12(b)(6) does not permit it to dismiss a specific remedy sought in a complaint" and denying motion to dismiss request for attorney's fees). "The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose, as numerous cases have held." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1255 (4th ed. Oct. 2022 update) (collecting cases);

4

see also Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C., 635 F.3d 1106, 1108 (8th Cir. 2011) (citing 5 Wright & Miller, Federal Practice and Procedure § 1255 at 508-09 (3d ed. 2004) and denying a motion to dismiss); Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002) (citing Wright & Miller for the same); Schoonover v. Schoonover, 172 F.2d 526, 530 (10th Cir. 1949) ("[I]t is recognized, without exception, that the prayer forms no part of the cause of action.").

  B. Motion to Strike

    Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike "are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380, 647 (2d ed. 1990)). The moving party has the burden of demonstrating that challenged material should be stricken by showing that the material in question has no bearing on the litigation and that its inclusion will be prejudicial. See Jackson v. United States, Case No. 3:14-15086, 2015 WL 5174238, at *1 (S.D.W. Va.

Sept. 2, 2015) (citing Moore's Fed. Practice 3D § 12.37[3] at 12-129 (3d ed.2009)). Any doubts are resolved in favor of the non-moving party. See 5 Wright & Miller, supra, § 1255.

### III. Analysis

A. Rule 12(b)(6) Motion

The defendants move to dismiss the plaintiff's request for punitive damages and attorney's fees. Defs.' Partial Mot. To Strike And Dismiss ¶¶ 5,9, ECF No. 7; Mem. In Support of Defs.' Partial Mot. to Strike and Dismiss 2, ECF No. 8. According to the defendants, the plaintiff's complaint contains insufficient factual detail to meet the standard under West Virginia law to merit an award of punitive damages. ECF No. 8 at 3-4. Further, the defendants argue that the plaintiff's request for attorneys' fees should be dismissed pursuant to the American Rule, which establishes that each side should bear its own attorney's fees. Id. at 4-5.

The defendants' motion is not the proper vehicle for determining whether the plaintiff is entitled to punitive damages or attorney's fees, inasmuch as the plaintiff's claims are distinct from the remedies she seeks. See Mountain Link Assocs., Inc., 2014 WL 4851993, at *3 n.6 (punitive damages are not a claim subject to a 12(b)(6) motion); Facchetti, 2016 WL

3920487, at *2 (attorney's fees are not a claim subject to a 12(b)(6) motion).  The plaintiff's complaint consists of claims for "Negligence and Recklessness" (Count I) and "Prima Facie Negligence" (Count II) and an ad damnum clause.  The factual allegations underpinning the claims are relevant to Rule 8(a)(2)'s requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As part of the plaintiff's claims, their sufficiency may be tested by a 12(b)(6) motion for failure to state a claim.  See Wright & Miller, supra, § 1255.  In contrast, the plaintiff's request for punitive damages and attorney's fees contained in the complaint's ad damnum clause fall within the scope of Rule 8(a)(3), and as such are not subject to dismissal pursuant to a 12(b)(6) motion.  See id.  Inasmuch as the defendants did not move to dismiss the plaintiff's claims, but rather sought to dismiss the remedies she seeks, the defendants' motion under Rule 12(b)(6) is DENIED.

    B.    Rule 12(f) Motion

The defendants also seek to strike several portions of the plaintiff's complaint.  The defendants first direct the court to paragraph 35 of the complaint, which states that, "[f]ollowing the collision, Defendant Gretchen C. Elsner was issued a citation for the offense of improper lane change in

violation of West Virginia Code § 17C-7-9." Compl. ¶ 35. According to the defendants, this allegation is "impertinent, irrelevant, and scandalous;" is intended to prejudice a jury against the defendants; and is an attempt to enter inadmissible evidence into the record. ECF No. 8 at 6. The plaintiff acknowledges in her response that additional investigation has revealed that Elsner was issued a warning instead of a citation. The plaintiff offers to strike the word "citation" and insert "warning" in its place, but otherwise objects to striking paragraph 35 in its entirety. Pl.'s Resp. To Defs.' Partial Mot. To Strike And Dismiss 7, ECF No. 9.

An allegation that the defendants may have received a citation or a warning for violating traffic laws is not impertinent or scandalous within the meaning of Rule 12(f). Nor have the defendants sufficiently shown any prejudicial effect. Based on the foregoing, the court DENIES the defendants' motion to strike paragraph 35.

The defendants may, however, seek to limit any potential prejudice caused by a reference to a citation or warning at the summary judgment motions stage or through a motion in limine at an appropriate point in the proceedings. In consideration of the plaintiff's statement that Elsner did not receive a citation, the court grants the plaintiff leave to file

8

promptly an amended complaint for the sole purpose of changing the word "citation" in paragraph 35 to "warning."

Next, the defendants seek to strike several paragraphs, which state that the defendants "accept responsibility for causing the collision;" "accept responsibility for causing plaintiff's injuries that are directly and proximately caused by the collision;" and "accept responsibility for causing Plaintiff's damages that are directly and proximately caused by the collision." Compl. at ¶¶ 27-29. The defendants argue that these allegations are untrue and impertinent and will prejudice a jury. ECF No. 8 at 6. The plaintiff responds that the complaint "did not indicate that Defendants had accepted responsibility or stipulated to liability at some time in the past," but rather that "these three paragraphs inquire whether Defendants 'accept responsibility' now." ECF No. 9 at 9. The plaintiff adds that paragraphs 27-29 are intended to "legitimately determine at the beginning of litigation whether Defendants accept or contest responsibility for causing the subject crash, Plaintiff's injuries, and her damages." Id.

The court is puzzled by the inclusion of paragraphs 27-29 in the complaint and by the plaintiff's response to the defendants' motion to strike. While the

plaintiff acknowledges those paragraphs are not factual allegations but instead are "inquiries," they read curiously like allegations that the defendants have admitted liability. The plaintiff's response concedes that they are not accurate representations, inasmuch as no such admission or acceptance of responsibility is alleged to have occurred. Be that as it may, a complaint is no place for inquiries; it is for allegations. The court GRANTS the motion to strike paragraphs 27-29 for being impertinent.

In connection with the motion to dismiss the plaintiff's demand for punitive damages, the defendants also sought to strike any allegations of recklessness and reckless disregard that may be relevant to any such award. ECF No. 8 at 7. Having previously denied the 12(b)(6) motion, the motion to strike these allegations is DENIED.

### IV. Conclusion

The court DENIES IN PART and GRANTS IN PART the defendants' partial motion to dismiss and motion to strike, as follows:

1. The court DENIES the motion to dismiss the plaintiff's demand for punitive damages and attorney's fees;

2. The court DENIES the motion to strike paragraph 35;

3. The court GRANTS the motion to strike paragraphs 27-29;

4. The court DENIES the motion to strike allegations of recklessness in paragraphs 20, 22, and 24;

5. The court GRANTS leave to amend within ten days the plaintiff's complaint for the sole purpose of inserting the word "warning" in place of "citation" in paragraph 35. If the plaintiff does so amend, paragraphs 27-29 shall be omitted and the remaining paragraphs shall be renumbered accordingly.

        The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties.

        ENTER:

_____
John T. Copenhaver, Jr.
Senior United States District Judge

11