```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JUDY ANN GILLESPIE,

       Plaintiff,

v.                              Civil Action No. 2:22-cv-00322

GRETCHEN C. ELSNER and
PASCHALL TRUCK LINES, INC.,

       Defendant(s).

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' Motion for Leave to File Amended Answer, filed on September 6, 2023 ("Defs.' Mot."). ECF No. 36. Plaintiff opposes this motion. Pl. Resp., ECF No. 39. For reasons set forth below, the court DENIES the motion.

       I.   Factual and Procedural Background

On June 16, 2022, plaintiff filed her complaint against defendants in the Circuit Court of Kanawha County, West Virginia, alleging one count of "Negligence and Recklessness" and one count of prima facie negligence arising from a car crash on July 8, 2020. See Notice of Removal, Ex. A at 5-13, ECF No. 1-1. On August 5, 2022, defendants removed the action to

federal court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.  Notice of Removal ¶ 13, ECF No. 1.

On August 12, 2022, defendants answered the complaint and filed a partial motion to strike and dismiss.  See ECF No. 6 (Defs.' Answer); Defs. ECF Nos. 7 (Partial Motion to Strike).

On September 15, 2022, the court entered its Rule 16(b) Scheduling Order for this action ("Scheduling Order").  ECF No. 11.  The deadline to amend the pleadings was set on November 23, 2022.  This deadline is the basis for plaintiff's objection to defendant's motion for leave.

Through an order on October 20, 2022, the court granted in part and denied in part the defendants' partial motion to strike and dismiss.  See ECF No. 18 at 7-11. As relevant to this motion, the court granted plaintiff leave to amend specific portions of the complaint for accuracy.  Id.  Plaintiff filed her amended complaint on October 28, 2022, ECF No. 19, and defendants filed their answer to the amended complaint on November 14, 2022, ECF No. 20.

Since the original November 23, 2022, amendment deadline, the court has granted joint motions to amend the disclosure, discovery, and trial portions of the Scheduling Order, see ECF No. 31 (May 12, 2023) (order granting first joint

motion); ECF No. 33 (June 12, 2023) (order granting second joint motion). In the second joint motion, "[p]laintiff [] agreed to withdraw her request for punitive damages and any associated allegations of recklessness from the Amended Complaint." Joint Motion and Stipulation Extending Deadlines ¶ 8, ECF No. 32. The court granted that motion on June 12, 2023. ECF No. 33.

Nonetheless, the original November 23, 2022, deadline to amend the pleadings or join parties remained in effect.

Two hundred and eighty-seven days after that deadline passed, defendants filed this pending Motion for Leave to File Amended Answer. See Defs. Mot., ECF No. 36. Defendants seek to amend their answer in three main ways: (1) to admit negligence on the part of defendant Elsner, (2) to withdraw their affirmative defense that plaintiff failed to state a claim upon which relief may be granted, and (3) to withdraw defenses to the now-withdrawn allegations of recklessness and request for punitive damages. Id. Plaintiff opposes the motion to the extent defendants seek to admit negligence only on the part of defendant Elsner. See Pl. Resp., ECF No. 39. Plaintiff is silent as to defendants' withdrawal of the affirmative defense of failure to state a claim but gives written consent to defendants' withdrawal of defenses pertinent to now-withdrawn claims. Id.

II.  Legal Standard and Analysis

The court has a clear standard that "govern[s] the disposition of motions to amend the pleadings which are filed after the scheduling order's deadline for such modifications." Smith v. United Postal Serv., Inc., 902 F. Supp. 719, 721 (S.D.W. Va. 1995).  There is a "two-step" analysis that must be applied to such motions.

First, if the scheduling order's deadline for amendment of the pleadings has passed, the moving party must satisfy the good cause standard of Rule 16(b). Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).  Second, "if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995); see also Cook v. Howard, 484 F.App'x 805, 814-15 (4th Cir. 2012).  As articulated by the court in Marcum, the burden rests on the moving party to demonstrate both steps are satisfied.  163 F.R.D. at 254.

The first step of this test requires the moving party to satisfy the "good cause" requirement of Rule 16(b)(4).  See id.; Cook, 484 F.App'x at 814; Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").  This inquiry is "not coextensive with an inquiry into the propriety of the amendment under" Rule 15(a),

4

which is a far more permissive standard, as discussed below. Marcum, 163 F.R.D. at 254 (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992)). Rather, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the" movant, and it is met when the pretrial schedule "cannot reasonably be met despite the" movant's diligence. Id. If the movant cannot satisfy their burden of establishing that they were diligent, "the inquiry should end." Id. The court may additionally consider "the existence or degree of prejudice to the party opposing the" proposed amendments. Id.

If a movant can satisfy the first step, the court proceeds to the second step of the analysis, which requires that the movant satisfy the standard established by Rule 15(a)(2). Cook, 484 F.App'x at 814; Fed. R. Civ. P. 15(a)(2). Under the more permissive Rule 15(a)(2) standard, leave to amend should be "freely give[n] when justice so requires" or upon written consent of the opposing party. Fed. R. Civ. P. 15(a)(2); see Smith v. United Postal Serv., Inc., 902 F. Supp. 719, 721 (S.D.W. Va. 1995). Rule 15's directive, though generous, is "not absolute," and the court may yet deny leave to amend when the movant's delay is "accompanied by prejudice, bad faith," "futility," "or dilatory motive." Island Creek Coal Co. v. Lake

5

Shore, Inc., 832 F.2d 274 (4th Cir. 1987) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986)).

Because defendants have filed the pending motion after the deadline to amend pleadings has expired, the court will follow the above framework. The court first addresses the defendants' motion regarding the portion of the sought amendment that admits negligence by defendant Elsner. The court will then analyze the defendants' motion regarding the portion that seeks leave to withdraw the aforementioned defenses.

The initial step is to determine whether the defendants have satisfied their burden of showing "good cause" for the court to modify the Scheduling Order and permit delayed amendment. See Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995); Fed. R. Civ. P. 16(b)(4). This requires the court to focus on the diligence of the defendants. Marcum, 163 F.R.D. at 254. Attempting to justify their motion, defendants simply proffer that their amendment will "simplify the issues for any trial in this case" by "admit[ting] negligence on the part of [defendant Elsner]" (though, the court notes, defendants do not seek to amend their answer to admit negligence by defendant Paschall Truck Lines or to admit liability on either defendant). Defs. Mot. ¶ 8. In their words, defendants note that the jury could then focus on "whether the [p]laintiff was negligent, and

the extent to which [p]laintiff's comparative negligence caused or contributed to the accident which is the subject of this case, along with the injuries and damages sustained by the [p]laintiff." Id. at ¶ 7.

Plaintiff opposes this portion of the motion. In her response, she accurately notes that defendants could have admitted negligence in their original August 12, 2022, answer; in their November 14, 2022, answer to the amended complaint; or any time before the November 23, 2022, deadline to amend pleadings. Pl. Resp. at 9, ECF No. 39. Rather, plaintiff argues, defendants only now seek to amend their answer to admit negligence because "[d]efendant Elsner was a recalcitrant witness" in her deposition, and [d]efendants seek to admit negligence to "remove [her] personality from the testimony presented at trial, or at least diminish its impact on the jury" "as a trial strategy" that will "benefit [d]efendants and prejudice" plaintiff. Id. at 8, 10.

In their reply, defendants again merely assert that this amendment would "remov[e] one issue for trial, and simplify[] any evidentiary presentation in this case." Defs.' Reply at 1, ECF No. 40. The only possible argument that "good cause" exists that the court can muster from the defendant's briefs is that after the completion of two depositions,

7

plaintiff's dismissal of her recklessness claim and request for punitive damages, and attempted mediation, "the [d]efendants reviewed the status of the issues for trial and attempted to" simplify them where possible. Id.

The court finds that the defendants have not satisfied the "good cause" requirement of Rule 16(b)(4). Nowhere in their briefs do the defendants argue that their newly sought amendment is attributable to new information obtained after the original deadline. Nowhere in their briefs do they directly argue that they have been diligent in their pursuit of information in this case such that the pretrial schedule could not "reasonably [have been] met despite" their diligence. Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995). It is the movant's burden to establish "good cause," and they have failed to do so. See id. The court's inquiry focuses on diligence, and "[s]implify[ing] issues for trial" or evidentiary presentation is not sufficient under Rule 16(b)(4).[1] Defs. Reply at 1, ECF No. 40.

Because the defendants have failed to satisfy the first step of this analysis, their motion, as it pertains to admitting defendant Elsner's negligence, must fail. Marcum, 163 F.R.D. at 254 ("If [the movant] was not diligent, the inquiry should end.") (quoting Johnson v. Mammoth Recreations, Inc., 975

---

[1] Notably, defendants have not offered any case law to assert otherwise.

F.2d 604, 609 (9th Cir.1992)). Consequently, the court need not analyze this motion under the second step of this analysis — Rule 15(a)'s more lenient standard instructing courts to "freely [give leave to amend] when justice so requires." Id. at 253, 254.

Accordingly, the court denies the defendants' Motion for Leave to File Amended Answer to the extent that they seek to admit negligence on the part of defendant Elsner.

Defendants also seek to amend their answer by "withdraw[ing] the Affirmative Defenses of failure to state a claim upon which relief may be granted, and the defenses to the now-withdrawn allegations of recklessness and request for punitive damages." Defs. Mot. ¶ 7, ECF No. 36. Again, this amendment requires the two-pronged analysis described above.

The amendment withdrawing the affirmative defense of failure to state a claim upon which relief can be granted runs into the same problem discussed above: The defendant has failed to demonstrate "good cause" exists to so amend their pleading. See Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995); Fed. R. Civ. P. 16(b)(4). Accordingly, the court denies the defendants' Motion for Leave to File Amended Answer to the extent that they seek to withdraw the affirmative defense of failure to state a claim.

The amendment withdrawing the defendants' affirmative defenses to the now-withdrawn allegations of recklessness and request for punitive damages is unnecessary inasmuch as the allegations and request have been withdrawn pursuant to the parties' Joint Motion and Stipulation and the defenses to them are now moot. <u>See</u> ECF No. 32 (Joint Motion and Stipulation) (withdrawing request for punitive damages and amending complaint to withdraw allegations of recklessness); ECF No. 33 (order granting Joint Motion and Stipulation).

### III. Conclusion

Pursuant to the foregoing, the court DENIES the Motion for Leave to File Amended Answer.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 11, 2023

_____
John T. Copenhaver, Jr.
Senior United States District Judge